FILED
JAN 1 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KWAKU AHATSI**<br>18492 SNOW FIELDS CIRCLE<br>GERMANTOWN MARYLAND 20874<br><br>Plaintiff,<br><br>v.<br><br>**HARRIS TEETER INCORPORATED**<br>701 CRESTDALE DRIVE<br>MATTHEWS NORTH CAROLINA<br><br><u>SERVE:</u><br>CT CORPORATION SYSTEM<br>1015 15TH STREET, NW, SUITE 1000<br>WASHINGTON, DC 20005<br><br>Defendant. | Case: 1:08-cv-00071<br>Assigned To : Bates, John D.<br>Assign. Date : 1/14/2008<br>Description: Employ. Discrim. |

JURY ACTION

RECEIVED 2008 JAN 14 PM 11:43 CLERK U.S. DISTRICT & BANKRUPTCY COURT

## COMPLAINT

Plaintiff KWAKU AHATSI, by and through counsel, C. Sukari Hardnett, Esq. and the Law Office of C. Sukari Hardnett, files this civil action against Defendant HARRIS TEETER, INCORPORATED, on the grounds and in the amounts set forth herein:

## PRELIMINARY STATEMENT

This is an action for unlawful race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e), *et seq. (as amended)*, and for hostile work environment and retaliation. Plaintiff seeks an award of actual, compensatory and punitive damages and all attorney fees and costs incurred in connection with the filing of this civil action.

1

## PARTIES

1. Plaintiff Kwaku Ahatsi is a resident of Maryland.

2. Defendant Harris Teeter Incorporated is a North Carolina Corporation.

## JURISDICTION & VENUE

3. This court has subject matter jurisdication over the claims in this action pursuant to 28 U.S.C. § 1331, as it arises under the Constitution and laws of the United Sates.

4. The District of Columbia is a proper venue for this action, pursuant to 28 U.S.C. § 1391(b)(1), as it is the judicial district wherein Defendant resides and where Defendant is subject to personal jurisdiction.

## ADMINISTRATIVE EXHAUSTION

5. Plaintiff filed a claim to challenge the unlawful employment discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

6. The EEOC issued a Dismissal and Notice of Rights dated October 12, 2007. Plaintiff filed this action within ninety days of his receipt of the Dismissal and Notice of Rights and within ninety three days of the date of the Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

7. Plaintiff is a black male of African descent. Plaintiff saw an advertisement in the newspaper in which Defendant indicated that it was hiring for positions. Plaintiff saw the advertisement, and he applied for a manager position.

2

8. During his initial interview with, Kristi-Ann Tripp ("Tripp"), a manager, Plaintiff began to notice what would be an ongoing pattern of racism to which he would be subjected during the entire time that he was employed with Harris Teeter.

9. Tripp, the representative of Harris Teeter who conducted the interview, discouraged the Plaintiff from applying for a management position making comments to the Plaintiff that he would have to pass a drug test and that maybe the Plaintiff should be a Receiver because the hours were good.

10. Undeterred, Plaintiff insisted that he wanted a position as manager. To get the position Plaintiff had to interview twice with Tripp, once with a store director, twice with two different store recruiters, and he had to interview with the District Manager and Vice President of Grocery Operations.

11. After completing these interviews, and obviously qualified for the position for which he applied, Defendant offered Plaintiff the position of Grocery Manager position in the new store that it was opening in Darnestown, Maryland. Other employees of Harris Teeter that were not of Plaintiff's race and national origin were not subjected to the number of interviews that Plaintiff had been subjected.

12. This was not the only disparate treatment that Plaintiff endured because of his race and/or his national origin. Plaintiff was to receive training for his position. The other white managers received training, but Plaintiff did not. Plaintiff was required to stock shelves, to clean up spills, and to perform other menial functions that were not required of the other white managers. Plaintiff was also written up for actions that white employees were not written up.

13. The demographics of the store employees attested to Defendant's discriminatory practices and policies: only 2 of the approximately 15 managers were black, and only 8 eight of

3

the almost 200 employees were black. Blacks were used largely in non supervisory positions as cashiers, in the bakery, and in the store's Starbucks.

14.    Instead of providing the Plaintiff the training needed and provided to other white managers, Plaintiff was transferred to other locations where he would not receive any proper training.

15.    Plaintiff was subjected to ongoing harassment from a manager, Tony Vettese ("Vettese"), and from Tripp. Vettese made racist and demeaning statements to the Plaintiff such as how did the Plaintiff know where a particular store item was when he was black? Tripp harassed the Plaintiff with demeaning comments such as you might as well smell like watermelon, and that people with his (African) name were more likely to go to prison and that his name meant evil child. Many store representatives joined this racist practice referring to the Plaintiff constantly as evil child. Trip and Vettese treated Plaintiff differently from the other white employees, frequently cursing at him and referring to him in a demeaning and derogatory manner.

16.    Plaintiff reported the discrimination and misconduct to his human resources director, who promised to undertake an investigation into the matter but never did.

17.    After Plaintiff reported the misconduct and filed his discrimination claim against Harris Teeter, he was retaliated against and the misconduct only got worse. Defendant even demoted Plaintiff from a "manager" to the position of stock clerk.

18.    Plaintiff informed the Defendant that its conduct was unwelcome and did so to Defendant's human resources director and to both Tripp and Vettese.

19.    However, Harris Teeter does not have adequate mechanisms to address the misconduct to which Plaintiff was subjected.

20. Defendant's misconduct evinces malice and reckless indifference to the federally protected rights of the Plaintiff.

21. Plaintiff suffered emotional pain, mental anguish, and other damages as a result of Defendant's misconduct.

22. Plaintiff therefore files this action seeking redress for his damages, and for punitive damages to punish and to deter the Defendant, and for attorney's fees and all costs incurred in connection with the filing of this action.

### COUNT I
### UNLAFUL EMPLOYMENT DISCRIMINATION BASED UPON RACE
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e), *et seq.*

23. Paragraphs seven (7) through twenty-two (22) are incorporated by reference as if fully set forth herein.

24. Section 2000e-2 of Title VII of the Civil Rights Act of 1964, as amended, provides in relevant part:

> It shall be an unlawful employment practice for an employer -
>
> to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin

25. Defendant violated the provisions of Title VII of the Civil Rights Act of 1964 by discriminating against the Plaintiff with regards to the terms and condition of his employment because of his race.

26. As detailed herein, Plaintiff was subject to harassment, treated in a humiliating and derogatory manner, denied training and was subject to other discriminatory treatment because of his race.

27. This conduct caused the Plaintiff emotional pain, mental anguish and other damages.

WHEREFORE, Plaintiff seeks judgment against the Defendant for Three Hundred Thousand Dollars ($300,000.00) in punitive damages, actual and compensatory damages to be determined at trial, attorney's fees, interest, costs, and all such just and further relief as the court deems just and proper.

## COUNT II
### UNLAFUL EMPLOYMENT DISCRIMINATION BASED UPON NATIONAL ORIGIN
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e), *et seq.*

28. Paragraphs seven (7) through twenty-two (22) are incorporated by reference as if fully set forth herein.

29. Section 2000e-2 of Title VII of the Civil Rights Act of 1964, as amended, provides in relevant part:

> It shall be an unlawful employment practice for an employer -
>
> to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin

30. Defendant violated the provisions of Title VII of the Civil Rights Act of 1964 by discriminating against the Plaintiff with regards to the terms and condition of his employment on the basis of his national origin.

31. As detailed herein, Plaintiff was subject to harassment, treated in a humiliating and derogatory manner, denied training and subject to other discriminatory treatment.

32. This conduct caused the Plaintiff emotional pain, mental anguish and other damages.

WHEREFORE, Plaintiff seeks judgment against the Defendant for Three Hundred Thousand Dollars ($300,000.00) in punitive damages, actual and compensatory damages to be determined at trial, attorney's fees, interest, costs, and all such just and further relief as the court deems just and proper.

## COUNT III
## HOSTILE WORK ENVIRONMENT
**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e),** *et seq.*

33. Paragraphs seven (7) through twenty-two (22) are incorporated by reference as if fully set forth herein.

34. Plaintiff sufficiently communicated that the misconduct detailed herein was unwelcome, but it persisted. The conduct was directed towards Plaintiff, specifically, and it was intended to humiliate the Plaintiff and was pointed at the Plaintiff because of his race and/or national origin.

35. The harassment continued almost daily, and the harassment was severe. The harassment and hostile work environment interfered with Plaintiff's work performance.

36. There is a reasonable basis for imputing liability upon the Defendant, as Defendant has full knowledge of the misconduct, but he has failed to maintain adequate procedures to address the discrimination. Defendant's discrimination policy and procedures are defective and dysfunctional.

37. Defendant failed to exercise exercised reasonable care to avoid harassment and to eliminate it. Nonetheless, Plaintiff acted with reasonable care to take advantage of the

Defendant's purported safeguards and to otherwise prevent the harm that could not have been avoided despite his actions.

38. This misconduct that created a hostile work environment caused the Plaintiff emotional pain, mental anguish and other damages.

WHEREFORE, Plaintiff seeks judgment against the Defendant for Three Hundred Thousand Dollars ($300,000.00) in punitive damages, actual and compensatory damages to be determined at trial, attorney's fees, interest, costs, and all such just and further relief as the court deems just and proper.

## COUNT III
## RETALIATION
**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e),** *et seq.*

39. Paragraphs seven (7) through twenty-two (22) are incorporated by reference as if fully set forth herein.

40. Defendant retaliated against the Plaintiff for his discrimination complaints and EEOC filing in violation of U.S.C. § 2000 (e), *et seq. (as amended).*

WHEREFORE, Plaintiff seeks judgment against the Defendant for Three Hundred Thousand Dollars ($300,000.00) in punitive damages, actual and compensatory damages to be determined at trial, attorney's fees, interest, costs, and all such just and further relief as the court deems just and proper.

## JURY DEMAND

The Plaintiff Requests a Trial by Jury on all Issues.

Respectfully submitted,
KWAKU AHATSI

_____
Counsel

C. Sukari Hardnett
Law Office of C. Sukari Hardnett
1111 Bonifant Street
Silver Spring, MD 20910
Tel: (301) 587-7001

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KWAKU AHATSI | HARRIS TEETER INCORPORATED |

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

C. SUKARI HARDNETT, ESQ.
LAW OFFICE OF C. SUKARI HARDNETT
1111 BONIFANT STREET
SILVER SPRING, MARYLAND 20910
(301) 587-7001

Case: 1:08-cv-00071
Assigned To : Bates, John D.
Assign. Date : 1/14/2008
Description: Employ. Discrim.

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ◯ 1 U.S. Government Plaintiff
- ⦿ 3 Federal Question (U.S. Government Not a Party)
- ◯ 2 U.S. Government Defendant
- ◯ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◯ 1 | ◯ 1 | Incorporated or Principal Place of Business in This State | ◯ 4 | ◯ 4 |
| Citizen of Another State | ◯ 2 | ◯ 2 | Incorporated and Principal Place of Business in Another State | ◯ 5 | ◯ 5 |
| Citizen or Subject of a Foreign Country | ◯ 3 | ◯ 3 | Foreign Nation | ◯ 6 | ◯ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ◯ A. Antitrust
- ☐ 410 Antitrust

### ◯ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ◯ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ◯ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ◯ E. General Civil (Other)   OR   ◯ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

①

| ○ G. *Habeas Corpus/ 2255* | ⊙ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Unlawful discrimination on the basis of race and national origin in violation of 42 USC 2000e, et seq.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 350,000   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE January 14, 2008    SIGNATURE OF ATTORNEY OF RECORD  [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.